IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Nos. 96-50084 & 96-50155
Summary Calendar

_____

GLEN C. JAMES,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-95-CV-1024
_____

June 21, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Glen C. James, a Texas state prisoner proceeding *pro se* and *in forma pauperis*, appeals from the district court's (1) dismissal of his civil rights action as frivolous pursuant to 28 U.S.C. § 1915(d), and (2) subsequent order imposing sanctions for his filing a document in that court containing extremely vulgar and offensive language.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

James asserts that the court abused its discretion in dismissing his action pursuant to the Eleventh Amendment, noting that he sued the defendants in their official capacities and sought only prospective injunctive relief. The dismissal is affirmed on the alternative ground that, based on James' filing in district court that he was no longer being subjected to the challenged strip searches, the action is moot. *See* **Powell v. McCormack**, 395 U.S. 486, 496 (1969) (holding "a case is moot when the issues presented are no longer `live' or the parties lack a legally cognizable interest in the outcome"); **Bickford v. International Speedway Corp.**, 654 F.2d 1028, 1031 (5th Cir. 1981) (holding this court may affirm on any ground, including grounds not considered by the district court).

James contends that the district court lacked authority to rule upon a document he filed in that court after he filed his notice of appeal, and that it abused its discretion in imposing sanctions against him for that filing. He maintains also that the sanctions violate his First Amendment right to freedom of speech. The imposition of sanctions was an appropriate exercise of the court's inherent authority. *See* **Natural Gas Pipeline Co. of America v. Energy Gathering Inc.**, 2 F.3d 1397, 1410-11 (5th Cir. 1993), *cert. denied*, ___ U.S. ___, 114 S. Ct. 882 (1994).

*AFFIRMED*